CLD-324 & 325                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1885
_____

LESLIE ANN KELLY,
                                                    Appellant

v.

CITY OF PHILADELPHIA;
BRENDA FRASER, Esq.;
UNIVERSITY OF PENNSYLVANIA;
HALL - MERCER CRISIS RESPONSE CTR;
THOS. KELLY; PHYLLIS KELLY;
THE PENNSYLVANIA COMMONWEALTH
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-03-cv-03565)
District Judge:  Honorable Mitchell S. Goldberg
_____

_____

No. 15-1886
_____

LESLIE ANN KELLY,
                                                    Appellant

v.

SHOKO NIOKA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-03-cv-05939)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 3, 2015
Before: FUENTES, GREENAWAY, JR and VANASKIE, Circuit Judges

(Filed: September 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

Leslie Ann Kelly appeals the District Court's order denying her motions to seal her District Court records. For the reasons below, we will summarily affirm the District Court's order.

In June 2003, Kelly filed a civil rights complaint in the District Court for the Eastern District of Pennsylvania against the City of Philadelphia and other defendants which was docketed at Civ. No. 03-cv-03565. The District Court dismissed the complaint as frivolous, and we dismissed her appeal as frivolous. See C.A. No. 03-3019. In October 2003, Kelly filed a complaint against Shoko Nioka which was docketed at Civ. No. 03-cv-05939. The District Court also dismissed this complaint as frivolous.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Kelly did not file an appeal. In March 2015, Kelly filed a motion to seal both cases. The District Court denied the motion, and Kelly filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order. In re Newark Morning Ledger Co., 260 F.3d 217, 220 (3d Cir. 2001). There is a presumption that the public should have access to judicial records. In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). In order to have part of a record sealed, a party must meet the heavy burden of showing that the material is the sort that courts would protect and the party would have a "clearly defined and serious injury" if there were disclosure. Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (citation omitted). An even heavier burden is on those who wish to seal an entire record. Id.

In her motion to seal, Kelly appeared to argue that she wanted to prevent her family members from becoming involved in her business. She did not explain what material in her District Court pleadings needed protection or allege any "clearly defined and serious injury." In her notice of appeal, she asserted that she submitted confidential research as exhibits which she believes recently may have been plagiarized. However, she does not describe this research or submit proof of any plagiarism.

Her pleadings on appeal do not address the District Court's order and instead contain irrelevant, rambling allegations that she is entitled to inheritances, restitution, and whistleblowing rewards, and that people are taking her money and property. She does suggest that a gag order would be needed if we awarded her money and property so that those forced to pay her would not know the money was going to her and would not

3

retaliate against her.  Because we are not awarding Kelly any such money or property, we need not address whether a gag order as to any award is needed.  Kelly has not come close to meeting the heavy burden required to seal her District Court pleadings.  "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."  In re Cendant Corp., 260 F.3d at 194.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.  Kelly's motions are denied.